J-S79013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SETH STEINMAN | |
| Appellant | No. 150 EDA 2016 |

Appeal from the PCRA Order December 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1006661-2000

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED OCTOBER 18, 2016**

Appellant, Seth Steinman, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 19, 2004, a jury convicted Appellant of rape, sexual assault, and simple assault. The court sentenced Appellant on May 19, 2005, to an aggregate term of 10½-22 years' imprisonment. This Court affirmed the judgment of sentence on November 15, 2006, and our Supreme Court denied allowance of appeal on May 24, 2007. ***See Commonwealth v. Steinman***, 915 A.2d 150 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1174 (2007). Appellant sought no further review. Instead, on July 20, 2007, Appellant timely filed his first PCRA petition, which the court denied on June 17, 2008. This Court affirmed on May 19, 2009, and our

Supreme Court denied allowance of appeal on December 1, 2009. ***See***

***Commonwealth v. Steinman***, 976 A.2d 1216 (Pa.Super. 2009), *appeal*

*denied*, 603 Pa. 709, 985 A.2d 219 (2009). On May 31, 2012, Appellant

filed the current, serial *pro se* PCRA petition. The court issued Pa.R.Crim.P.

907 notice on May 21, 2013; Appellant responded *pro se* on July 11, 2014.

The court dismissed Appellant's petition as untimely on December 17, 2015.

On December 31, 2015, Appellant timely filed a *pro se* notice of appeal. No

Rule 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite.

***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*,

625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one

year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §

9545(b)(1). A judgment is deemed final at the conclusion of direct review or

at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the PCRA's timeliness provisions allow for

very limited circumstances under which the late filing of a petition will be

excused; and a petitioner asserting a timeliness exception must file a

petition within 60 days of the date the claim could have been presented.

***See*** 42 Pa.C.S.A. § 9545(b)(1-2). Instantly, Appellant's judgment of

sentence became final on August 22, 2007, upon expiration of the time to

file a petition for writ of *certiorari* with the United States Supreme Court.

***See*** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*).

Appellant filed the current petition on May 31, 2012, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now purports to invoke the "new constitutional right" exception to the PCRA's time bar under Section 9545(b)(1)(iii), claiming *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), both decided on March 21, 2012, set forth newly recognized constitutional rights, related to the ineffective assistance of counsel, and held them to apply retroactively on collateral review.[1] Appellant contends he learned about the *Lafler* and *Frye* decisions on April 17, 2012, after reading an article in the Pennsylvania Law Weekly and insists he timely filed his PCRA petition within 60 days of reading that article. Assuming Appellant even satisfied the 60-day rule, this Court has specifically held that neither *Lafler* nor *Frye* created a new constitutional right. *See Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa.Super. 2013) (explaining *Lafler* and *Frye* simply applied Sixth Amendment right to counsel and ineffectiveness test to circumstances where counsel's conduct resulted in lapse or rejection of plea offer, to petitioner's detriment; petitioner's reliance on these decisions to satisfy Section 9545(b)(1)(iii) exception to PCRA's time restrictions is unavailing). *See also*

_____

[1] Specifically, Appellant claims the prosecution offered a plea deal in his case for an aggregate term of 7½-15 years' imprisonment, which trial counsel rejected because counsel thought he could "beat this case."

***Commonwealth v. Hernandez***, 79 A.3d 649 (Pa.Super. 2013) (holding appellant's claim that his petition fits within Section 9545(b)(1)(iii) exception lacks merit because neither ***Lafler*** nor ***Frye*** created new constitutional right). Thus, Appellant's current PCRA petition remains time barred, and the court properly dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016